UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-110-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REGINALD JONES, | ) | |
| Defendant. | ) | |

The defendant, Reginald Jones, has filed another motion for relief from his sentence. On February 1, 2012, Jones filed a "Motion for Resentencing" [DE-46] in which he contends the United States Supreme Court's January 13, 2009, opinion in *Chambers v. United States*, 555 U.S. 122 (2009), entitles him to a reduction in his sentence. He argues, without citation, that the three year-old Supreme Court ruling – itself filed more than five years after Jones was sentenced on June 9, 2003 – is retroactively applicable to him.

When Jones was sentenced in 2003, the United States Sentencing Guidelines still were being applied as mandatory; the *Booker* case still was years away. Jones' 1980 escape conviction in Massachusetts was not "counted" in the calculation of Jones' criminal history score because of its age. It was used, however, in the court's determination that an upward departure from the Guideline Range was appropriate because Jones' criminal history score significantly under-represented the violent nature of his criminal lifestyle and his propensity to commit future crimes.

Even if *Chambers* were retroactively applicable, which it is not, Jones' motion reveals a lack of diligence and otherwise is untimely. Moreover, if the undersigned were afforded another opportunity to impose a sentence in this case, the result would be the same whether the escape conviction were included in Jones' record or not. The Sentencing Guidelines no longer are mandatory, but a properly-determined advisory Guideline Range is among many factors the court must consider in imposing a sentence. Those factors, even absent the escape conviction,

demand a substantial upward departure from Jones' then-mandatory Guideline Range. The court is convinced that Jones' sentence is correct as imposed, and the instant motion [DE-46] is DENIED.

SO ORDERED.

This the 15th day of February, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge